For Petitioner: J. J. Mee.

For Respondent: Rosenfeld & Hagan.

James L. Meenan
vs
United Electric
Railways Co.

Law No. 60046

RESCRIPT

May 20, 1927

WALSH J. Heard on defendant's motion for a new trial based upon the usual grounds after verdict for plaintiff for $4500.

This suit is to recover for personal injuries caused to plaintiff in a collision between an auto truck which plaintiff was driving and an electric car of defendant at or near the corner of Snow and Washington Streets in Providence on January 18, 1924, about 2 P. M. Washington Street runs east and west, Snow Street runs north and south, the northerly end of Snow Street terminating at Washington Street. There are two street car tracks in the middle of Washington Street, the southerly track being used for cars headed east, the northerly track for cars headed west. Just before the collision the truck operated by plaintiff was proceeding northerly on Snow Street into Washington, with intent on part of plaintiff to turn to his left into Washington Street and to proceed westerly along Washington Street. At the same time, the defendant's car was proceeding easterly along Washington Street on the southerly track at some point in Washington Street west of the southwest corner of Snow and Washington Streets. A recessed doorway in the building on the southwest corner of these streets permits a view westerly up Washington Street for some distance by a person operating a vehicle northerly on Snow Street before the vehicle reaches the cross-walk in line with the southerly side of Washington Street. The plaintiff testified that, looking through this recessed doorway on the day in question, he had an unobstructed view of the top of an electric car proceeding toward him on this southerly track at about Aborn Street,

approximately 141 feet away; that he drove his truck at a speed of about 10 miles an hour across the crosswalk and out into Washington Street and as he got across the crosswalk, he saw the car a second time at a point in Washington Street which he could not locate but a sufficient distance away from him to permit him to cross the track safely; that upon this second view of the car, he noticed that the motorman's head was turned to the right and that there was a lady standing on the front platform with him; that the speed of the electric car at that time was faster than ordinary speed of cars at that place; that he did not reduce the speed of his truck nor try to stop the same but continued across the inbound track at about 10 miles per hour until he reached the second rail of the inbound track, when he started to turn his truck to his left, at which time he noticed the car approaching him without slackening its speed. He tried to get out of its way by increasing the speed of the truck but was struck by the car at the left rear part of the truck, whereby he sustained the injuries complained of.

McElroy, his helper, sitting on the driver's seat with plaintiff, testified that he first saw the electric car before plaintiff had finished shifting his gears on the truck; that the truck at that time had not reached the crosswalk on Washington Street; that from the southerly building line of Washington Street the truck went out toward the track at a speed gradually increasing from 10 miles per hour until the truck got to the centre of Washington Street.

McElroy's story is fully discredited by a signed statement, made by him and delivered to an agent of the defendant, in which he says that when he first saw the car the truck was on the inbound track and the electric car was then four feet away from the truck.

Walter J. Smith and his wife, Susie B. Smith, testify that they stood at the southwest corner of Snow and Washington Streets; that they saw a touring car precede the truck from Snow into Washington Street; that all east and west traffic on Washington Street was at a standstill at the time; that the electric car alone was moving at a rate of 10 to 15 miles per hour. Mr. Smith said that while Meenan was crossing the crosswalk, he saw the electric car and "knew something was liable to happen."

One Werfelman, who knew the plaintiff as a truck driver for four to five years, testified as to marks he found in Washington Street after the accident. Dr. Mournigham, plaintiff attending physician, happened to be standing at the corner of Aborn and Washington Streets at the time of the collision, and said that "at least half of the truck was by the front of the car at the time of the collision."

The defendant introduced disinterested witnesses to the effect that the plaintiff's truck came out of Snow Street "fast" and made a curve to its left across the inbound track when the electric car was one length away; that the motorman, in making a quick stop, threw passengers forward in their seats; that the electric car came to a stop with its front end at the westerly line of Snow Street, within a distance of about one half the length of the car from the time the motorman applied his brakes; that they never took their eyes off the truck because they expected a collision from the time they first saw it coming out of Snow Street. They placed the point of impact on the truck as just back of the driver's cab.

We have stated the testimony quite fully because we feel that it shows the strong improbability of the plaintiff's due care. The great weight of credible testimony in our opinion shows that the plaintiff drove his truck into Washington Street under

circumstances under which the ordinary, reasonable and prudent driver would not have so driven it. Ordinary care, it seems to us, would have shown the plaintiff the imminence of a collision before he crossed the crosswalk on the southerly side of Washington Street as it did his witnesses the Smiths and as it appeared to Miss Pierce and Mr. Koerner for the defendant. Justice compels us to say that the verdict of the jury was not warranted by the great weight of credible testimony introduced at the trial.

Motion for new trial granted.

For Plaintiff: Quinn, Kernan & Quinn.

For Defendant: Alonzo R. Williams and Clifford Whipple.